TERRY L. BAKER (SBN 214365)
820 Bay Avenue, Suite 230L
Capitola, CA 95010
Tel: (831) 476-7900
Fax: (831) 476-7906
tbaker@consumerlawgroup.net

Attorneys for Plaintiff
BENJAMIN FRIEDENBERG

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

BENJAMIN FRIEDENBERG,

Plaintiff,

vs.

CAPPO MANAGEMENT XXIII, INC., a corporation; CHRIS O'CONNELL, an individual; and DOES ONE through TWENTY,

Defendants.

Case No. CV12 6206 HRL

COMPLAINT

DEMAND FOR JURY TRIAL

JURISDICTION

1. The court has federal question jurisdiction under Title 15 U.S.C. § 1681p and Title 28 U.S.C. § 1331, as well as supplemental jurisdiction over plaintiff's state law claims under Title 28 U.S.C. § 1367.

2. This is an action for damages brought by an individual consumer for defendants' violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq., which strictly limits the purposes for which a consumer's credit report may be used and strictly prohibits users, such as defendants from obtaining consumers' credit reports without the consumer's permission when no permissible purpose exists.

3. Plaintiff Ben Friedenberg, at all times mentioned, was, and still is, a resident of

Friedenberg v. Cappo Management XXIII, Inc.
Case No.                                    -1-                                    COMPLAINT

Santa Cruz County, California.

4. Defendant, Cappo Management XXIII, Inc. (hereinafter "DEALER"), is a California corporation, with its principal place of business located at 3801 Soquel Drive, Soquel, California 95073.

5. Defendant, Chris O'Connell (hereinafter "OCONNELL), is an individual and is an employee and agent of DEALER.

6. All acts of the agents, servants and employees of defendant DEALER, as alleged in this complaint, were performed by such agents, servants and employees within the course and scope of their agency and employment with DEALER and were authorized and/or ratified by DEALER.

## FACTS COMMON TO ALL COUNTS

7. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

8. On or about January 26, 2011, plaintiff contacted DEALER to inquire about possibly purchasing a vehicle from DEALER. Plaintiff spoke with OCONNELL.

9. During discussions with OCONNELL, plaintiff made it clear that if he decided to purchase a vehicle from DEALER, he would paying cash and that he would not be seeking credit. Plaintiff made it clear that he did not want DEALER to obtain his credit file under any circumstances.

10. Despite assurances from OCONNELL that no credit report would be obtained, DEALER and OCONNELL obtained one anyway. DEALER and OCONNELL violated 15 U.S.C. § 1681b(f) which has resulted in damages to plaintiff.

11. Defendants' inquiry on plaintiff's credit report has become a permanent component of plaintiff's credit profile and is reported to those who ask to review plaintiff's credit history.

12. Defendants did not have any permissible purpose, as set out at 15 U.S.C. § 1681b, for obtaining a credit report on plaintiff.

13. Defendants agreed and represented in its agreement with credit reporting

agencies that they would request and use consumer reports which were obtained from credit reporting agencies only for purposes which are lawful under the Fair Credit Reporting Act as set at 15 U.S.C. § 1681b.

14. Defendants had an affirmative duty to follow reasonable procedures, including those that would prevent impermissible accessing of consumer reports, more specifically the impermissible accessing of consumer reports by managers, agents and employees of defendants.

**COUNT I**
**(Willful Violation of Fair Credit Reporting Act 15 U.S.C. § 1681 et seq.)**
**By Plaintiff and Against All Defendants**

COMES NOW the plaintiff and for Count I of his cause of action, based upon information and belief, states as follows:

15. Plaintiff incorporates as if fully set out herein all of his preceding allegations.

16. Defendants' conduct, as more fully set out above, constitute violations of Fair Credit Reporting Act.

17. Defendants willfully failed to comply with the Fair Credit Reporting Act.

18. As a direct and proximate result of defendants' conduct, plaintiff has been damaged in that he has suffered extreme emotional distress, embarrassment, humiliation, and aggravation. Further, defendants have compromised plaintiff's access to credit in that the inquiry placed on plaintiff's credit report will reflect to past, current and future creditors that plaintiff has applied for credit from DEALER.

19. As a result of the above violations of the Fair Credit Reporting Act, the defendants are liable to plaintiff as set out at 15 U.S.C. § 1681n in the sum of plaintiff's actual damages or statutory damages, punitive damages, the costs of this action and reasonable attorney's fees.

WHEREFORE, plaintiff requests judgment against defendants, jointly and severally, for actual damages or for statutory damages, for punitive damages, for attorney fees as provided for by statute, the costs of this action, and such other and further relief as the Court may deem just and proper.

## COUNT II
### (Negligent Violation of Fair Credit Reporting Act 15 U.S.C. § 1681 et seq.)
### By Plaintiff and Against All Defendants

COMES NOW the plaintiff and for Count II of his cause of action, based upon information and belief, states as follows:

20. Plaintiff incorporates as if fully set out herein all of his preceding allegations.

21. Defendants' conduct, as more fully set out above, constitute violations of Fair Credit Reporting Act.

22. Pleading alternatively, defendants negligently failed to comply with the Fair Credit Reporting Act.

23. As a direct and proximate result of defendants' conduct, plaintiff has been damaged as set out in Count I above.

24. As a result of the above violations of the Fair Credit Reporting Act, the defendants are liable to plaintiff as set out at 15 U.S.C. 1681o in the sum of plaintiff's actual damages, the costs of this action and reasonable attorney's fees.

WHEREFORE, plaintiff requests judgment against defendants, jointly and severally, for actual damages, for attorney fees as provided for by statute, the costs of this action, and such other and further relief as the Court may deem just and proper.

## COUNT III
### (Invasion of Privacy)
### By Plaintiff and Against Defendant OCONNELL

COMES NOW the plaintiff and for Count III of his cause of action, based upon information and belief, states as follows:

25. Plaintiff incorporates as if fully set out herein all of his preceding allegations

26. Defendant OCONNELL had a duty not to wrongfully invade plaintiff's privacy, such privacy rights include the financial, credit and other personal information pertaining to plaintiff that defendant OCONNELL obtained from the consumer reporting agencies or their affiliates and used.

27. Defendant OCONNELL, by his actions alleged herein, wrongfully invaded

plaintiff's right to privacy in his financial, credit and other personal information.

28. Defendant OCONNELL acted intentionally, willfully and with malice.

29. Plaintiff suffered the injuries and damages alleged herein due to OCONNEL's invasion of his privacy.

WHEREFORE, plaintiff requests judgment against defendants, jointly and severally, for actual damages or for statutory damages, for punitive damages, for attorney fees as provided for by statute, the costs of this action, and such other and further relief as the Court may deem just and proper.

## COUNT IV
### (Negligent Supervision)
### By Plaintiff and Against Defendant DEALER

COMES NOW the plaintiff and for Count IV of his cause of action, based upon information and belief, states as follows:

30. Plaintiff incorporates as if fully set out herein all of his preceding allegations

31. Defendant DEALER had a duty to exercise ordinary care to protect the public, including plaintiff, from its employees and agents wrongfully obtaining or using private information of any person to which its employees would have access by virtue of their employment or agency relationship.

32. Defendant DEALER failed to exercise due care when supervising OCONNELL or otherwise safeguarding the access that OCONNELL had to wrongfully obtain and use plaintiff's financial, credit and other private information because of his employment or agency relationship with defendant DEALER

33. Defendant DEALER's failure to exercise due care caused plaintiff the damages alleged herein.

WHEREFORE, plaintiff requests judgment against defendants, jointly and severally, for actual damages, the costs of this action, and such other and further relief as the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff demands trial by jury.

Dated: December 6, 2012            TERRY L. BAKER, ATTORNEY AT LAW

*(signature)*
TERRY L. BAKER
Attorneys for Plaintiff